# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| STACEY C. MALOCH, | : | CIVIL ACTION NO. |
| BOP Reg. # 65951-019, | : | 2:17-CV-23-RWS |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:14-CR-14-RWS-JCF-1 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## ORDER

Movant, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate her sentence ("Motion"). (Doc. 58). The Magistrate Judge's Final Report and Recommendation ("Report") recommends granting the Motion in part, to allow Movant to file an appeal, and otherwise denying it. (Doc. 65). Both parties object. (Doc. 67 (Gov't Objs.); Doc. 68 (Movant's Objs.)). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Movant objects, and has reviewed the remainder of the Report for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Movant raises three grounds for relief in her Motion, but has abandoned her first ground. (Report at 2-3; *see* Doc. 62 (Movant's Reply) at 3). In her second ground, she claims that her plea was unknowing and involuntary because her counsel advised her that

she would be eligible for a one-year sentence reduction after completing a Residential Drug Abuse Program ("RDAP") while in federal custody, but the firearm enhancement she received at sentencing made her ineligible for that reduction. (Report at 5-6). The Magistrate Judge recommends denying this ground because Plaintiff acknowledged in open court at her plea hearing, under oath, that other than the terms of her plea agreement, no promise or threat had induced her to plead guilty. (*Id.* at 8-9). Movant objects that a hearing is required to determine this issue because RDAP eligibility "is a significant consideration on a guilty plea," and "[n]othing in the record exist[s], which contradicts [her] stat[e]ments." (Movant's Objs. at 2). She also objects to the firearm enhancement because there was no ammunition in her home for the firearm found there. (*Id.*).

Movant is correct, in a sense, because nothing in the record contradicts her sworn statements that her plea was not based on any promise or threat other than the contents of her plea agreement. Her objection is **OVERRULED**. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (a defendant's representations at a plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity").

Movant claims in her third § 2255 ground for relief that after she pled guilty and was sentenced, she instructed her defense attorney to file a direct appeal, which he failed

2

to do. The Magistrate Judge recommends that the Court reenter her Judgment and Commitment Order so that she may file an appeal. (Report at 9-10). The government objects that the Court should hold an evidentiary hearing instead. (Gov't Objs. at 2-4). The government acknowledges, however, that it "would expect [Movant's] attorney to testify at an evidentiary hearing that he does not recall [her] asking him to file a notice of appeal of her sentence, otherwise he would have done so." (*Id.* at 3 n. 1). In other words, the government anticipates a swearing match between Movant and her attorney. In these circumstances, it would conserve judicial resources to avoid a hearing altogether so that Movant may proceed directly to her appeal, which is one of only two possible outcomes even after a hearing is conducted. The government's objection is **OVERRULED**.

This case is hereby REFERRED to Judge Fuller for appointment of appellate counsel for Movant. By separate order, the Court will reenter her Judgment and Commitment Order so that she may file an appeal from her conviction and sentence.

**SO ORDERED** this 3rd day of July, 2017.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)